preme Court, Bronx County (Robert L. Cohen, J.), rendered on or about January 25, 1991, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.)* We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL GUTIERREZ, Appellant. [617 NYS2d 308] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered on or about October 25, 1991, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.)* We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RONNELL, Appellant. [618 NYS2d 1015] —Judgments, Su-